UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JASPAL SINGH<br>*Plaintiff,*<br><br>-vs.-<br><br>Ms. Pam J. Bondi<br>Attorney General of the United States<br>U.S. Dept. of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001<br><br>Ms. Kristi Noem<br>US Secretary of the Department of Homeland Security<br>245 Murray Drive SW,<br>Washington, DC 20528<br><br>Mr. Andrew J. Davidson<br>Director, USCIS<br>20 Massachusetts Ave, NW<br>Washington, DC 20529<br><br>*Defendants.* | )<br>)<br>) Case No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR MANDAMUS**

Plaintiff, Jaspal Singh, by Counsel, Mumtaz A. Wani Esq., of Wani & Associates, P.C., hereby alleges, upon information and belief as follows:

**INTRODUCTION**

1. This civil action is brought by the Plaintiff to compel Defendants and those acting under the Defendants to take action in the form of fair and complete adjudication of his currently pending I-918 Petition for U Nonimmigrant Status (EAC1718951301).

**JURISDICTION & VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in conjunction with 28 U.S.C. § 1361, the Administrative Procedures Act (APA) (5 U.S.C. § 555(b), and the Immigration & Nationality Act (INA) and regulations implementing it.

1

3. Under 28 U.S.C. § 1331 "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. § 1361, the APA and the INA.

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires Defendants to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Defendants are subject to 5 U.S.C. § 555(b).

6. Both the regulations and the INA provide numerous examples of duties owed by Defendants in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "(e)ach applicant for adjustment of status under this part shall be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that the applicant shall be notified of the decision of the Director, and, if the application is denied, the reasons for denial, " 8 C.F.R. § 245.2, (emphasis added). The language of the statute and these regulations is mandatory, not discretionary, and requires the Defendants to adjudicate the adjustment of status applications.

7. Venue is proper under 28 U.S.C. § 1391(e)(3). Plaintiff's application is being adjudicated in this district.

## PARTIES

8. The Plaintiff currently resides at 131 North Duke Street, Sterling, VA 20164.

9. Defendants are: 1) the U.S. Attorney General, Ms. Pam J. Bondi, 2) the U.S. Secretary of the Department of Homeland Security, Ms. Kristi Noem, and 3) Director of the United States Citizenship and Immigration Services, Mr. Andrew J. Davidson.

## FACTS

10. Plaintiff is a citizen and national of India.

11. On or about June 5, 2017, Plaintiff filed an I-918 Petition for U Nonimmigrant Status with the United Sates Citizenship and Immigration Services ("USCIS") based upon being a victim of a qualifying crime while residing in the U.S.

12. On September 13, 2023, USCIS issued a Request for Evidence for the Plaintiff to submit certain named evidence in support of his I-918 Petition.

13. On December 8, 2023, Plaintiff timely submitted a response with the requested evidence to USCIS.

14. Due to lack of response regarding the Plaintiff's case, a Notice of Mandamus was submitted on September 23, 2024, to USCIS and all named Defendants.

15. On October 18, 2024, USCIS again submitted another Request for Evidence for the Petitioner.

16. On January 8, 2025, the Plaintiff timely submitted a response to the second Request for Evidence.

17. To date, no further action has been taken in this matter and the I-918 Petition remains pending.

18. Plaintiff has not received a prima facie determination on his Petition.

## REQUEST FOR RELIEF
### (Unreasonable Delay)

19. The allegations contained in paragraphs 1 through 18 above are repeated and realleged as though fully set forth herein.

20. Plaintiff has complied with all of the requirements for his I-918 Petition and all requested evidence requested by USCIS.

21. Defendants have willfully and unreasonably delayed and refused to adjudicate the I-918 Petition.

22. The delay in adjudicating the Petition is not attributable to Plaintiff.

23. Defendants owe to Plaintiff a duty to process his I-918 Petition in a timely fashion and have unreasonably failed to perform that duty. This duty is owed under the INA, and regulations, as well as by the fact that by charging a filing fee, Defendants created for themselves an obligation to process and adjudicate the application.

24. The delay is unreasonable per se.

25. The delay is unreasonable in light of the fact that Defendants have been unable to adequately respond to any of Petitioner's inquiries.

26. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to process the I-918 Petition.

WHEREFORE, and in light of the foregoing, the Plaintiff, Deborah Nartey Ansah, prays that the Court:

    A. Assume jurisdiction herein;

    B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the Plaintiff's I-918 Petition for U Nonimmigrant Status;

C. Grant attorneys' fees and costs of court as provided in the Equal Access to Justice Act;

and

D. Grant such further relief, as the Court deems appropriate and just.

Respectfully submitted,

**JASPAL SINGH**
By Counsel

_____
*Attorney for Plaintiff*
Mumtaz A. Wani, Esq.
8229 Boone Blvd, STE 320
Vienna, VA 22182
Phone: 703-556-6626
Fax: 703-556-6628
wani@wanilaw.com
Bar No. 16975